NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JACKIE ALEXANDER, *administrator ad prosequendum* of the Estate of DAWUD ALEXANDER,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL HOLGUIN, *et al.*,<br><br>Defendants. | Civil Action No. 15-1965 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendant Miguel Holguin's Appeal of Magistrate Judge Joseph A. Dickson's Letter Order granting in part and denying in part Plaintiff Jackie Alexander's Motion to Compel Discovery Responses, pursuant to Rule 72.1(c)(1)(A) of the Local Rules of Civil Procedure. (ECF No. 105). Plaintiff has filed an Opposition to the Appeal (ECF No. 111), to which Defendant has replied. (ECF No. 112). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Defendant's Appeal and affirms Magistrate Judge Dickson's Letter Order.

## I. BACKGROUND

Plaintiff Alexander brings this action as *administrator ad prosequendum* of the Estate of Dawud Alexander ("Decedent"). (ECF No. 1 ("Compl.") at 1). Plaintiff is a resident of Essex County, as was Decedent. (Id. ¶¶ 4-5). Defendant Holguin is a New Jersey State Police detective. (Id. ¶ 6).

On October 3, 2013, at around 5:00 p.m. or 6:00 p.m., a confidential informant ("CI") contacted Defendant Holguin[1] stating that CI saw Decedent in possession of a taser and some sort of firearm[2] around Harrison Place, Irvington, New Jersey. (ECF No. 99 at 1-2). Thereafter at approximately 6:30 p.m., New Jersey State Police vehicles converged in front of 83 Harrison Place, where Decedent was walking. (Compl. ¶ 15). Decedent then "ran across the street toward 92 Harrison Place[,]" and Defendant and several other State Police Officers chased after him. (Id. ¶¶ 16-17). Upon reaching 92 Harrison Place, Decedent discarded a taser "in his possession near the front porch steps located on the right side of said residence." (Id. ¶ 18). Decedent continued to run and turned left into an alley on the left side of 92 Harrison Place. (Id. ¶ 19).

While in the alley, Decedent attempted to climb a fence to gain entry to the 96 Harrison Place backyard. (Id. ¶ 20). Plaintiff asserts that Defendant then fired his duty weapon at Decedent striking him at least once. (Id. ¶ 21). However, Decedent was still able to reach another fence that would have given him access to the 21 Ellis Avenue backyard. (Id. ¶ 22). When Decedent attempted to climb said fence, Defendant shot him several more times. (Id. ¶ 23). Plaintiff asserts that at no time did Decedent possess a firearm or other object in his hand besides the taser that he previously discarded. (Id. ¶ 24). However, the following day, police found a revolver, which was attributed to Decedent, at the scene. (ECF No. 99 at 5).

Decedent died at the hospital nearly an hour after the above described incident. (Compl. ¶ 25). Plaintiff asserts that an October 4, 2013 autopsy revealed that Decedent suffered four gunshot wounds to his right medial thigh, upper-left back, chest, and left foot, as well as "blunt force trauma to the right side of his face." (Id. ¶¶ 26-27).

---

[1] The parties dispute when CI initially spoke to Defendant. (ECF No. 99 at 5).
[2] The parties dispute what weapon CI informed Defendant was on Decedent's person. (ECF No. 99 at 5).

Plaintiff filed a Complaint in this Court asserting federal question jurisdiction under 28 U.S.C. § 1331. (Id. ¶ 2). Said Complaint contained five causes of action against Defendant, the State of New Jersey, the Township of Irvington, and various John Doe Defendants for Excessive Force (Counts I-II), Conspiracy (Count III), Wrongful Death (Count VI), and State Tort (Count V). (Id. ¶¶ 35-66). This Court dismissed, with prejudice, claims against the State of New Jersey by Consent Order, and the Township of Irvington by Stipulation and Order of Voluntary Dismissal. (ECF Nos. 15, 98). All that remain in said Complaint are individual claims against Defendant Holguin for Excessive Force (Count I), and Wrongful Death (Count VI).

Following the October 3, 2013 incident, CI provided the New Jersey State Police with a sworn statement recounting his[3] observations and communications with Defendant Holguin. (ECF No. 99 at 2). Said statement was recorded and transcribed, and Defendant Holguin produced a copy of the transcript to Plaintiff's counsel during discovery. (Id.). Plaintiff requested Defendant Holguin to reveal CI's identity, but Defendant objected, asserting informant's privilege. (Id.).

On February 17, 2017, Plaintiff filed a letter with the Court regarding said discovery dispute. (ECF No. 87). On February 27, 2017, the Court ordered Plaintiff to submit a letter setting forth the relief sought and legal arguments for compelling Defendant Holguin to disclose the identity of CI. (ECF No. 88). Thereafter, on March 3, 2017, Plaintiff submitted a Motion to Compel a Discovery Response. (ECF No. 89). On June 23, 2017, by Letter Order, Magistrate Judge Dickson granted in part and denied in part Plaintiff's Motion. (ECF No. 99). Specifically, Magistrate Judge Dickson ordered Defendant to produce CI for an *in camera* deposition on July 31, 2017. (Id. at 7). If the Defendant failed to do so, then the Defendant was ordered to reveal CI's identity to Plaintiff's counsel on an "'Attorneys' Eyes Only' basis so that counsel may issue

---

[3] The Court will refer to CI in male gendered pronouns throughout, doing so purely for simplicity and not to reveal the gender or identity of CI in any way.

an appropriate subpoena[.]" (Id.). Defendant now appeals Magistrate Judge Dickson's Letter Order (ECF No. 105), and this Court issued a stay pending the resolution of the Appeal. (ECF No. 109).

For the reasons set forth below, the Court affirms Magistrate Judge Dickson's rulings.

## II. STANDARD OF REVIEW

Under L. Civ. R. 72.1(c)(1)(A), a party may appeal from a Magistrate Judge's determination of a non-dispositive matter. The Court, in reviewing the order of the Magistrate Judge in a non-dispositive matter, may modify, vacate, or reverse the order only if it was *"clearly erroneous or contrary to law."* 28 U.S.C. § 636(b)(1)(A) (emphasis added); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A); *see also Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986); *Jackson v. Chubb Corp.*, 45 F. App'x 163, 166 n.7 (3d Cir. 2002). A ruling is contrary to law "if the Magistrate Judge misinterpreted or misapplied the applicable law," whereas a finding is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). Even if the Court might have decided the matter differently, the reviewing court will not reverse the Magistrate Judge's decision unless it satisfies the clearly erroneous standard. *Wortman v. Beglin*, 2007 WL 2375057, at *2 (D.N.J. Aug. 16, 2007); *see also Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000) ("A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review.").

## III. ANALYSIS

It is well-settled that there exists a privilege of communication between informants and the government. *Rovario v. United States*, 353 U.S. 53 (1957); *Mitchell v. Roma*, 265 F.2d 633 (3d Cir. 1959). "The purpose of the privilege is the furtherance and protection of the public interest in

effective law enforcement." *Mitchell*, 265 F.2d at 635. However, this privilege may be overcome by some other interest. *Id.* at 635-36. Indeed, disclosure of a confidential informant's identity is required if his or her identity "is essential to assure a fair determination of the issues." *Id.*

Although there is no fixed rule for disclosing a confidential informant's identity, "[o]ne must balance the public interest in protecting the flow of information against the individual's right to prepare his defense, taking into consideration the particular circumstances of each case." *Id.* at 636. Moreover, the party seeking disclosure "bears the burden of establishing that his or her need for disclosure is greater than the purpose behind the privilege." *Chao v. Raceway Petroleum, Inc.*, 2008 WL 2064354, *3 (D.N.J. May 14, 2008) (Linares, J.). In the civil context, a party seeking disclosure must "satisfy an even higher burden than required in criminal cases." *Lopez v. City of Plainfield*, 2015 WL 7737339, *1 (D.N.J. Dec. 1, 2015). This is because the "defense of an accused" consideration is lacking in the civil context. *Id.* (internal quotations omitted).

Magistrate Judge Dickson ordered Defendant to produce CI for an *in camera* deposition because "it appears that [CI's] participation is essential to ensure the fair resolution of this case." (ECF No. 99 at 6). In so ruling, Magistrate Judge Dickson's core basis was that, aside from Decedent who is no longer available to testify, CI and Defendant are the only people with personal knowledge of the timing and content of their phone calls. (Id. at 4). This is especially important because there are discrepancies as to exactly when CI spoke to Defendant. (Id. at 5). One officer testified that CI and Defendant spoke as early as 5:00 p.m., whereas the New Jersey State Police Supplemental Investigation Report stated that CI and Defendant first spoke at 6:08 p.m. (Id.). Moreover, there is a three-hour time gap between when CI left the scene of the incident with the police and when CI gave his sworn statement to the police. (Id.). This time gap is especially important because there are discrepancies between CI's sworn statement and the questioning

officer's understanding of it. (Id.). CI stated that he saw a "9-millimeter" "automatic handgun" for which the officer replied: "Okay. So it was a revolver[.]" (Id.) (internal quotations omitted). Magistrate Judge Dickson reasoned that Plaintiff should be able to inquire into these discrepancies. (Id.).

Defendant argues that Magistrate Judge Dickson's "decision is clearly erroneous because it fails to properly balance the equities." (ECF No. 105-1 at 7). This is because Magistrate Judge Dickson's grant of an *in camera* deposition of CI leaves open the possibility of full disclosure. (Id. at 5). Defendant argues that full disclosure would threaten CI, have a chilling effect on the use of future confidential informants, and only serve minimal utility for Plaintiff's case. (Id. at 6-11). More specifically, because Decedent was allegedly a member of a gang, other gang affiliates could harm CI if his identity became known. (Id. at 6). This threat would make other confidential informants reluctant to work with law enforcement. (Id. at 7). Finally, Defendant argues that Plaintiff's need for disclosure of CI's identity is minimal because a claim for excessive force does not ask whether Defendant acted in good faith, but rather if he acted as an objectively reasonable officer. (Id. at 7-8). Defendant argues that any which way the above mentioned discrepancies work out would not change the analysis of what an objectively reasonable officer would do. (Id. at 9).

Conversely, Plaintiff argues that Magistrate Judge Dickson was within his discretion and not clearly erroneous nor contrary to law when he granted in part Plaintiff's Motion to Compel Discovery Responses. (ECF No. 111 at 7-9). This is because Magistrate Judge Dickson properly weighed the need of CI's testimony based on the above mentioned discrepancies against the safety concerns for CI. (Id.). Plaintiff argues that this is evidenced when Magistrate Judge Dickson assigned safeguards to CI's deposition. These safeguards indicate that Magistrate Judge Dickson

adequately took into account the potential threat to CI. (Id. at 8). Specifically, Magistrate Judge Dickson ordered an *in camera* deposition at the Martin Luther King Jr. Federal Building in Newark, NJ, and permitted CI to enter the premise from a non-public location. (Id.). Plaintiff asserts that Magistrate Judge Dickson neither ordered Defendant to disclose the identity of CI nor overlooked the potential threat to CI. (Id.).

The Court agrees with Plaintiff and affirms the rulings of Magistrate Judge Dickson. Defendant's arguments rest on the hypothetical that disclosure of CI's identity will occur. (ECF No. 105 at 5). To be clear, Magistrate Judge Dickson did not order disclosure of CI's identity. Rather, as Defendant concedes, Magistrate Judge Dickson took into account the potential threat to CI if his identity was disclosed. This is evidenced in Magistrate Judge Dickson's Letter Order where he took considerable steps in attenuating the potential harm to CI by providing safeguards. (ECF No. 99 at 7). These safeguards, being an *in camera* deposition at this courthouse and permission to enter same in a non-public entrance, ensure that CI's identity will be kept confidential. (Id.).

Moreover, Defendant's argument that the discrepancies in testimony are irrelevant because those discrepancies do not change the analysis of what a reasonable officer would have done also fails. This argument assumes that the discrepancies create an "either/or" scenario. (ECF No. 105 at 9). Indeed, Defendant seems to believe that it is only possible that CI initially spoke to Defendant at either 5:00 p.m. or 6:00 p.m., and that CI told Defendant that Decedent possessed either a 9-millimeter automatic handgun or a revolver. Defendant fails to acknowledge how discrepancies in a story could mean that the story was contrived or otherwise unreliable. This is especially possible, as Magistrate Judge Dickson noted, when CI and the police were alone for three-hours between the time of the incident and CI's sworn statement. (ECF No. 99 at 5). This

Court does not make any assertion that the police officers contrived their stories, but certainly, a zealous advocate finding discrepancies in their stories would attack it as, at the very least, unreliable. Moreover, inquiring as to whether the story was contrived is relevant because it is conceivable that a reasonable officer would act differently if he or she had a good faith basis to believe a suspect possessed a firearm versus not thinking it altogether.

It is evident to this Court that Magistrate Judge Dickson adequately balanced the public interest in protecting an informant's privilege against this Plaintiff's particular need for the testimony of CI. *Mitchell*, 265 F.2d at 636. This is especially true considering the safeguards that Magistrate Judge Dickson ordered to protect CI and the analysis of Plaintiff's need for CI's deposition. Accordingly, this Court finds that Magistrate Judge Dickson's determination that CI's deposition is "essential to ensure the fair resolution of this case" was not clearly erroneous nor contrary to law.

## IV. CONCLUSION

For the reasons set forth above, the Court affirms Magistrate Judge Dickson's rulings. An appropriate Order accompanies this Opinion.

DATED: August 3rd, 2017

JOSE L. LINARES
Chief Judge, United States District Court